UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| EXPRESS SCRIPTS, INC. and CIGNA CORPORATION,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>Arefin Kabir,<br><br>　　　　Defendant. | Civil Action No. 6:20-cv-02365 |

## ORDER

AND NOW, this ____ day of December 2020, upon consideration of the Motion of Plaintiffs Express Scripts, Inc. and Cigna Corporation (collectively "Plaintiffs") seeking the issuance of a Temporary Restraining Order and Preliminary Injunction against Defendant Arefin Kabir ("Kabir"), and having determined that:

　　　1.　　The rights of Plaintiffs with respect to their confidential and proprietary information, competitive interests, and contracts with Kabir, are being and will continue to be violated by the Kabir unless he are restrained from any further use or possession of Plaintiffs' confidential and proprietary information;

　　　2.　　Plaintiffs are likely to succeed on the merits of their claims and will suffer irreparable injury and loss if Kabir is permitted to continue converting Plaintiffs' confidential and proprietary information for his own personal use and benefit and to the detriment of Plaintiffs;

　　　3.　　In Kabir's Agreements with Plaintiffs, Kabir agreed and recognized that, in the event of a breach or threatened breach of the Agreement by Kabir, Plaintiffs would suffer immediate and irreparable harm that money damages would not be adequate to compensate or protect and preserve the status quo. Therefore, Kabir consented to a temporary restraining order,

1

with or without notice, in the event he breached the provisions of the Agreements.

    4.  The injury suffered by Plaintiffs is presumed irreparable under Section 542.335, Florida Statutes;

    5.  Plaintiffs have no adequate remedy at law; and

    6.  The balance of equities favors granting Plaintiffs' Motion;

**IT IS HEREBY ORDERED AND DECREED THAT:**

    A.  A Temporary Restraining Order issue immediately against Kabir enjoining and restraining him from retaining any of Plaintiffs' documents or information, including the information that Kabir took from Plaintiffs between October 16, 2020 and December 16, 2020, and, accordingly:

      i.  Kabir is ORDERED to return to Plaintiffs all of Plaintiffs' information and records, including, but not limited to, customer information and records, whether original, copied, duplicated, reproduced, computerized, handwritten, recreated, compiled, or stored in any way whatsoever (including on computer software, USB removable drive, disk, laptop or desktop computer, tablet, iPhone or other android device, removable hard drive, and/or any other type of computer or digital information storage device), and to purge any and all such information from their possession, custody, or control within 24 hours of notice to Defendants or their counsel of the terms of this Order;

      ii.  Kabir is ENJOINED from retaining possession of, control over, or access to any of Plaintiffs' information or records, including, but not limited computerized, handwritten, recreated, compiled, or stored in anyway whatsoever (including on computer software, USB removable drive, disk, laptop or desktop computer, tablet, iPhone or other android device,

removable hard drive, and/or any other type of computer or digital information storage device) or memorialized in any other form, including cloud storage;

        iii. Kabir is ENJOINED, until hearing and thereafter until further Order of this Court, from destroying, erasing, or otherwise making unavailable for further proceedings in this matter, any records or documents (including data or information maintained in computer or electronic media or cloud storage) in Kabir's possession or control that were obtained from or contain Plaintiffs' information;

        iv. Kabir is ORDERED to identify in writing the type and serial numbers of any computer, server, phone, tablet, removable storage device, and/or other electronic devices owned by, provided by, and/or in the possession or control of Kabir, on which Plaintiffs' information was accessed, stored, and/or downloaded;

        v. Kabir is ORDERED to, within 24 hours of notice to Kabir or his counsel of the terms of this Order, deliver to Plaintiffs' counsel all electronic devices, including but not limited to flash drives, removable hard drives, tablets, personal computers, iPhone or android devices, discs, iPads, and the like used by Kabir at Express Scripts or otherwise under his control that at any time contained Plaintiffs' information, so that such devices can be forensically examined. Such devices/equipment shall be returned to Kabir once all of Plaintiffs' data has been purged from the devices/equipment. Plaintiffs shall maintain a copy of all information purged from the devices/equipment.

        vi. Kabir is ORDERED to, within 24 hours of notice to Kabir or his counsel of the terms of this Order, deliver to provide access to a vendor engaged by Plaintiffs to Kabir's personal email accounts used by Kabir to transmit, store or retain or that at any time contained Plaintiffs' information, so that such accounts can be forensically examined and Plaintiffs' property

and data can be purged from the accounts. Plaintiffs shall maintain a copy of all information purged from the accounts.

vii. Kabir is ENJOINED, during the term of his non-compete restrictions, provide services to a Competitor of the Company (as defined in Kabir's 2020 Confidentiality, Non-Competition and Non-Solicitation Agreement) that: (i) are the same or similar in function or purpose to the services Employee provided to the Company at any time during the last twenty-four months of Employee's employment by the Company or (ii) will likely result in the disclosure of Confidential Information to a Competitor or the use of Confidential Information on behalf of a Competitor. Before commencing alternate employment in, or connected to, the PBM industry, Kabir must provide Plaintiffs with two weeks' advance notice so that Plaintiffs can consider whether such employment will result in a breach of the 2020 Agreement;

B. The Court AWARDS Plaintiffs their costs and fees incurred in bringing this matter before the Court.

C. This Order is effective as of _____ this _____ day of December 2020.

D. In accordance with Fed. R. Civ. P. 65(b), this Order shall remain in full force and effect until _____ on _____, at which time it will expire unless extended by this Court upon good cause shown, by consent of the parties, or by entry of a subsequent preliminary injunction by this Court.

E. The Court finds that no bond is required to be posted under the circumstances, including the finding that Kabir is improperly possessing Plaintiffs' confidential and proprietary information.

F. Kabir shall show cause before this Court on the day of _____, 2020 at _____ o'clock __. m., or as soon thereafter as counsel may be heard, why a Preliminary

4

Injunction should not be ordered according to the terms and conditions set forth above.

BY THE COURT:

_____
UNITED STATES DISTRICT JUDGE